UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| VIRTUAL STUDIOS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| STANTON CARPET CORP. | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

By way of complaint for copyright infringement against defendant Stanton Carpet Corp. ("Stanton"), plaintiff Virtual Studios, Inc. states as follows:

## JURISDICTION

1. This complaint is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 338(a).

## VENUE

2. Venue is appropriate under the provisions of 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

3. Plaintiff, Virtual Studios, Inc. ("Virtual"), provides a variety of services and products within the graphic arts industry. Among those services are digital photography, image manipulation, scanning, design and illustration, digital printing, presentation graphics, image setting, and digital proofs.

4. In the 1990's Virtual developed a unique and proprietary software for digitally manipulating room scenes. It offered this service to carpet and flooring manufacturers as a means by which they could display their products in sales, advertising and marketing materials.

5. Virtual's unique proprietary software allowed it to digitally photograph carpet and flooring products and then manipulate the images of those products so as to create a picture of a room with the appearance that such carpet and flooring products were installed in it.

6. In the 1990's, Virtual and carpeting and floor covering manufacturers began doing business together. Through the new technology developed by Virtual, Virtual's customers are able to display rugs and carpeting in room scenes created by Virtual.

7. Under the terms of the agreement between Virtual and its customers, each customer would select certain room scenes from Virtual's library of copyrighted room scenes and would provide Virtual with a sample of its product for use in the selected room scene. Virtual would then digitally photograph a small portion of the sample product, and digitally manipulate the image it took so as to virtually place that product

into the selected room scene. Virtual's customers would then use this room scene in its advertising, sales and promotional materials in both print and internet media.

8. Virtual's customers include Stanton and other major carpet manufacturers.

9. Virtual provided images that are copyright protected from disclosure, dissemination, display or use by Stanton beyond the scope of the term and conditions of the limited license agreement between Virtual and Stanton.

10. Virtual is informed and believes and based on such information and belief alleges that Stanton has and continues to display and has allowed others to use and display without Virtual's permission copyrighted images obtained from Virtual well beyond the scope and period of the limited license agreement.

## PARTIES

11. Virtual is a Tennessee corporation with its principal place of business located at 402 North Park Drive, Suite 103, Dalton, GA 30720.

12. Stanton is a foreign corporation qualified to do business in Georgia with its principal place of business located in Syosset, New York. Stanton owns and operates a customer service and distribution center in Calhoun, Georgia. Its products are available for purchase in thousands of showrooms throughout the United States and Canada. It may be served with process upon its registered agent, James H. Bisson, III, 745 College Drive, Suite B, Dalton, GA 30722.

# FIRST CAUSE OF ACTION

## (COPYRIGHT INFRINGEMENT)

13. Virtual repeats and restates each and every allegation of Paragraphs 1 through 12 as though fully set forth herein.

14. In 2007, 2008 and 2009, Virtual complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for copyright registration and making the required deposit for each and every one of the room scene images it provided Stanton for its limited use. The United States Copyright Office issued copyright certificates for each of the subject room scenes. The copyright numbers that Virtual currently knows are at issue include VA 1-428-943, VA 1-428-944, VA 1-430-766, VA 1-430-767, VA 1-430-765, VA 1-429-974, VA 1-431-194 and, the specific room scenes that Virtual currently knows were infringed upon include, but are not necessarily limited to, those denoted as follows:

      10397LRD_kenyaRainfor

      10397LRG_StarwindMaiz

      10461BR45_Vanessa403

      10461BR45_Twilight_Har

      10461BR45_Twilight_Sag

      11200MastBR3215_Hele

      12787DR4_Promenade26

      12787DR4_SalisburyBlk.tif

      12787DR6_TopkapiPanth

12787_~1.TIF

12787FR4_5564Navarro

12787_Misc2_Rug_sm.tif

12787_Misc2_Florence.tif

12787Misc2_CapellaNoE

2787M2_OcelotTanLepa

12787SC1_OsborneMoss.

12787SC1_OsborneMoss.1

12787Staircase1b_Prome

12787SC1b_PromenadeB

12787SC1b_BridgeStBurg

13364Stair2_Savoy.tif

13364Stair3_Sophie.tif

13364_Stair3_Ramona.psd

13413_Stair_1_Dominique.

13413SC1_Leonato.tif

GEMINI_ReflectKashmir.tif

13413_Stair_1_Sophie.tif

13692BR-1D_Brentwood.tif

13692BR1D_WestbrkWe

13692DR2_FlorenceCran

13692FR1D_004_999_Bl

13692_FR_1D_Star.tif

13692FR1D_PimaDonna

13692Misc3_BridghmptnR.

13692Misc3_CountryInnM

13692_Stair_3D.TIF

13692Stair3_Chamberlain.tif

13692Stair3_Charleston.tif

13692Stair4D_Salisbury.psd

13692Stair4D_HarryRedS

14312FR3_Atlas_Bayberr

14312_Stair1_EssexGold.tif

14312Stair1_AlexanderGo

14499FR3_CharlestonGar

14499FR3_StarwindMaize

15106BR9_Catherine154

15106_Office3_Hawthorn.

15106_Office3_CStarPapr

15642DR1_HarryRdStnR

15642Fyr1_AlexanderGold

9595LRA2 BeatrixEspres…S

9595LRV_CermonaMoch

9595MiscB_Beatrix.tif

9595Misc_I_CStar_Paprik

9595_Staircase_RoyalSaf

15. Stanton directly infringed Virtual's copyrighted images.

16. Stanton had the ability to control or prevent the infringing acts.

17. Stanton willfully and negligently failed to take appropriate steps to control or prevent the infringing acts and obtained a direct financial benefit from the infringing activities.

18. The acts and conduct of Stanton as alleged constitute copyright infringement.

19. Stanton had and has actual or constructive notice of Virtual's copyright in and to the subject room scene images.

20. Notwithstanding Stanton's notice and knowledge of Virtual's rights, and without Virtual's permission or assent, Stanton has continued to use and display and allow the use and display by others of Virtual's copyrighted images.

21. Stanton's acts of infringement have been and continue to be willful.

22. The unauthorized and infringing use by Stanton of Virtual's copyrighted images has caused irreparable harm, damage and injury to Virtual.  In addition, Stanton has unlawfully and wrongfully derived and will continue to derive income and profits from its infringing acts.

## SECOND CAUSE OF ACTION
## (VICARIOUS COPYRIGHT INFRINGEMENT)

23. Virtual repeats and restates each and every allegation of Paragraph 1 through 22 as though fully set forth herein.

24. Numerous individuals and entities have directly infringed Virtual's copyrighted works.

25. Stanton had the right, obligation and ability to control the infringing acts of the individuals or entities that directly infringed Virtual's works.

26. Stanton obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed Virtual's works.

27. The acts and conduct of Stanton, as alleged, constitute vicarious copyright infringement.  The vicarious infringement has caused Virtual irreparable harm, damage and injury.

## **PRAYER**

**WHEREFORE,** Virtual requests judgment against Stanton for:

a) A permanent injunction enjoining Stanton and its officers, shareholders, agents, customer, vendors and employees from infringing in any manner, Virtual's copyrights in the subject room scene images and from copying, disseminating, altering or otherwise disposing of any copies thereof pending a final decision in this action;

b) Impoundment of all forms of displays of the images infringing the copyrights of Virtual in the subject room scene images;

c) Delivery by Stanton, for destruction following a final decision in this action, of all infringing images or copies including, but not necessarily limited to, all infringing derivative images, digital files, magnetic tapes, disks and other means for making infringing copies;

d) Recovery of damages for all gains, profits and advantages derived by Stanton as a result of its direct and vicarious infringement of Virtual's copyrights, or alternatively, for actual and statutory damages;

e)  Reasonable attorney's fees, prejudgment interest and costs of suit;

f)  Such other and further relief as the court deems equitable and just.

Respectfully submitted,

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: /s/ Michael A. Anderson
   **Michael A. Anderson, BPR #017740**
*Attorneys for Virtual Studios, Inc.*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

VIRTUAL STUDIOS, INC. RESPECTFULLY REQUESTS A JURY TO TRY THE ISSUES WHEN JOINED.

By: /s/ Michael A. Anderson
   Michael A. Anderson
   Its Attorney